United States District Court
Southern District of Texas
**ENTERED**
October 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL LUNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-3005 |
| | § | |
| U.S. BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Rachel Luna ("Plaintiff") filed this action against U.S. Bank, N.A. ("Defendant").[1]  Plaintiff is the alleged buyer of a house and its associated mortgage debt.  Defendant initiated a foreclosure.  Plaintiff challenges Defendant's ownership of the Deed of Trust and alleges that Defendant failed to afford her required notices before accelerating the debt and foreclosing.  Pending before the court is Defendant's Motion to Dismiss for Failure to State a Claim ("Defendant's Motion to Dismiss") (Docket Entry No. 3).  For the reasons explained below, Defendant's Motion to Dismiss will be granted.

---

[1] Plaintiff's Original Petition, Application for Injundtive Relief, and Request for Disclosures ("Complaint"), Exhibit A-1 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 2.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

## I. Background

Rachel Luna purchased real property located at 5005 Georgi Lane, #119, Houston, TX 77092 ("the Property") on June 18, 2011, from Aimee Kerschen.[2] Plaintiff alleges that Kerschen borrowed money to purchase the Property and executed a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. as the lender.[3] Plaintiff alleges that she purchased the Property from Kerschen subject to the mortgage.[4] Plaintiff alleges that "[u]pon [Plaintiff]'s purchase from Kerschen," Kerschen gave Plaintiff a Warranty Deed and executed a Limited Power of Attorney making Plaintiff her attorney in fact "for the underlying mortgage so that [Plaintiff] could communicate directly with the lender."[5]

Plaintiff alleges that "the Deed of Trust was subsequently transferred to [Defendant] . . but the original Deed of Trust was not assigned properly."[6] "The alleged assignment of the Deed of Trust does not meet the requisites of a valid assignment and, therefore, the chain of tile is broken from the original lender."[7] Plaintiff alleges that she learned of a foreclosure sale scheduled

---

[2] Id. at 3 ¶¶ 6-7.

[3] Id. ¶ 7.

[4] Id.

[5] Id.

[6] Id. at 3-4 ¶ 8.

[7] Id. at 4 ¶ 9.

for July 5, 2023, but never received a notice of default, notice of acceleration, or notice of foreclosure.[8]

Plaintiff brought this action in the District Court of Harris County, Texas on June 29, 2023.[9] She alleges a breach of contract and a violation of Texas Property Code § 5.065, which requires notices of default, acceleration, and foreclosure.[10] Plaintiff seeks declaratory judgment that Defendant has no security interest in the Property, that Defendant "is liable for having failed to properly record all . assignments," "that the power of sale in the Deed of Trust has no force and effect at this time as to Defendant," "that any and all notices sent by Defendant regarding default or foreclosure be declared invalid," that Plaintiff is entitled to quiet title against Defendant, and "that [Defendant] had the duty to fully inform Plaintiff of what a forbearance was, what would be required to resume mortgage payments upon expiration of the forbearance, and to make sure Plaintiff would meet the prerequisites to obtain a loan modification once the forbearance expired."[11]

Defendant removed the action to this court on August 15, 2023.[12] Although Defendant filed its Motion to Dismiss on

---

[8]Id. ¶ 12.

[9]Id. at 2.

[10]Id. at 7-8.

[11]Id. at 6-7 ¶¶ 19-24.

[12]Defendant's Notice of Removal, Docket Entry No. 1.

August 22, 2023,[13] Plaintiff has not responded to it. Defendant argues that Plaintiff has no rights under the Deed of Trust because she never obtained the lender's consent to assume the mortgage.[14] Alternatively, Defendant argues that Plaintiff's breach-of-contract claim is too vague.[15]

## II.  Legal Standard

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[16] Failure to oppose the motion is not in itself grounds for granting the motion, however. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012)  The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. Id.

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain    a short and plain statement of the claim showing that the pleader is entitled to

---

[13]Defendant's Motion to Dismiss, Docket Entry No. 3.

[14]Id. at 3.

[15]Id. at 3-4.

[16]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007))  "If, on a motion under Rule 12(b 6)() or 12©, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

But "a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Kling v. Hebert, 60 F.4th 281, 284 (5th Cir. 2023) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)). Standing, an element of subject matter jurisdiction, has three elements:  (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (internal quotation marks omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized     and (b) actual or imminent." Id. (internal quotation marks omitted).

### III. Analysis

Defendant's Motion to Dismiss is titled as a Rule 12(b)(6) motion, but it makes a factual attack on Plaintiff's rights under the Deed of Trust and uses the language of standing. The court therefore treats the motion as a Rule 12(b)(1) motion making a factual attack on Plaintiff's standing.

Defendant attaches the Deed of Trust, the Assignment of Deed of Trust, and a Revocation of Power of Attorney executed by Kerschen on February 7, 2022. Defendant argues that the Deed of Trust requires the lender's consent for the borrower to assign the mortgage and that Kerschen and Plaintiff never got that consent. The text of the Deed of Trust supports this: "any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, <u>and is approved by Lender,</u> shall obtain all of Borrower's rights and benefits under this Security Instrument."[17] Plaintiff has not responded and therefore has presented no evidence that her assumption of the mortgage was approved by the lender. The court therefore must conclude that she has no legal rights under the Deed of Trust. To the extent she seeks to assert Kerschen's rights pursuant to the power of attorney, Defendant attaches undisputed evidence that Kerschen revoked that power of attorney on February 7, 2022.[18] Because

---

[17] Deed of Trust, Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 3-1, p. 9 ¶ 13 (emphasis added)

[18] Revocation of Power of Attorney, Exhibit C to Defendant's Motion to Dismiss, Docket Entry No. 3-3, p. 2.

Plaintiff has no rights under the Deed of Trust, on her own behalf or on behalf of Kerschen, she has not identified a "legally protected interest" invaded by Defendant's acceleration and foreclosure. Lujan, 112 S. Ct. at 2136. Plaintiff therefore lacks standing to pursue her claims, and they will be dismissed; and her request for declaratory judgment must also be dismissed. See Rogers v. City of Yoakum, 660 F. App'x 279, 283 n.3 (5th Cir. 2016) ("The Declaratory Judgment Act is a procedural device and does not create an independent private right of action.").

## IV. Conclusion and Order

Plaintiff has not shown that she has any rights under the Deed of Trust and therefore lacks standing to pursue her claims. Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 3) is therefore **GRANTED**. This action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 11th day of October, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE